UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RACHEL MARIE WHITTED,<br><br>                        Plaintiff,<br>    v.<br><br>STATE OF NEVADA DEPARTMENT OF CORRECTIONS ADMINISTRATION OF PRISONS, *et. al.*,<br>                        Defendants. | Case No. 3:21-cv-00118-MMD-WGC<br><br>ORDER |

       This action began with a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a person who was a state inmate. On August 18, 2021, the Court issued an order directing Plaintiff Rachel Whitted to file her updated address with the Court within 30 days. (ECF No. 7.) The 30-day period now has expired, and Whitted has not filed her updated address or otherwise responded to the Court's order.

       District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *See Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. United States Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order);

///

*Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to Defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his or her failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *See Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order requiring Whitted to file her updated address with the Court within 30 days expressly informed Whitted that, if she failed to timely comply with that order, this case would be subject to dismissal without prejudice. (ECF No. 7 at 2.) Thus, Whitted had adequate warning that dismissal would result from her noncompliance with the Court's order to file her updated address within 30 days.

It is therefore ordered that this action is dismissed without prejudice based on Plaintiff Rachel Whitted's failure to file an updated address in compliance with this Court's August 18, 2021 order. If Whitted wishes to pursue any of her claims, she must file a complaint in a *new* action.

It is further ordered that the Whitted's motion for outside help (ECF No. 4) is denied as moot.

The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents shall be filed in this closed case.

DATED THIS 27th Day of September 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE